# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD, | CV F   04 5261 REC SMS P |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (Doc.  3.) |
| TERHUNE, et. al., | ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF BLANK CIVIL RIGHTS FORM |
| Defendants. | |

_____/

Raymond Alford Bradford ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed a Complaint on January 15, 2004, in the Sacramento Division of the U.S. District Court for the Eastern District of California.  (Doc. 1.)  On February 2,2004, Plaintiff filed a Second, or Amended Complaint.  (Doc. 3.)  On February 10, 2004, the case was transferred to this Court on February 10, 2004.

**A.  SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1

1  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

2  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

3         A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

4  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

5  support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,

6  467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.

7  Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

8  complaint under this standard, the court must accept as true the allegations of the complaint in

9  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

10  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

11  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

12  **B. SUMMARY OF COMPLAINT**

13         The Civil Rights Act under which this action was filed provides:

14          Every person who, under color of [state law] . . . subjects, or causes

15          to be subjected, any citizen of the United States . . . to the
deprivation of any rights, privileges, or immunities secured by the

16          Constitution . . . shall be liable to the party injured in an action at
law, suit in equity, or other proper proceeding for redress.

17

18  42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between

19  the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

20  Monell v.  Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

21  (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a

22  constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

23  in another's affirmative acts or omits to perform an act which he is legally required to do that

24  causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th

25  Cir. 1978).  In order to state a claim for relief under section 1983, Plaintiff must link each named

26  defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's

27  federal rights.

28         The Court has examined what Plaintiff filed on February 2, 2004, and finds that the

1   Amended Complaint consists of a photocopy of the cover sheet of the Complaint filed on January

2   15, 2004.  However, the entire remainder of the what forms the complaint consists of copies of

3   inmate appeals and medical records.   Nowhere in the document does it list a claim for relief or

4   link any defendant to an act or omission giving rise to a claim for relief.  As such, the Court finds

5   that the complaint fails to state any claim for relief whatsoever.

6       The Court will afford Plaintiff the opportunity to complete a civil rights complaint and

7   resubmit it to the Court.  Plaintiff is advised, however, that Local Rule 15-220 requires that an

8   Amended Complaint be complete in itself without reference to any prior pleading.  As a general

9   rule, an Amended Complaint supersedes the original Complaint.  <u>See</u> <u>Loux v.  Rhay</u>, 375 F.2d

10  55, 57 (9th Cir.  1967).  Once an Amended Complaint is filed, the original Complaint no longer

11  serves any function in the case.  Therefore, in an Amended Complaint, as in an original

12  Complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The

13  Amended Complaint should be clearly and boldly titled "AMENDED COMPLAINT," reference

14  the appropriate case number, and be an original signed under penalty of perjury.

15  **C.  CONCLUSION AND ORDER**

16  **C.  CONCLUSION**

17      The Court finds that Plaintiff's complaint does not contain any claims upon which relief

18  can be granted under § 1983 against any of the defendants.  The Court will provide Plaintiff with

19  time to file a first Amended Complaint curing the deficiencies identified above should he wish to

20  do so.

21      Plaintiff must demonstrate in the Amended Complaint how the conditions complained of

22  resulted in a deprivation of his constitutional rights.  <u>See</u>, <u>Ellis v.  Cassidy</u>, 625 F.2d 227 (9th Cir.

23  1980).  The Amended Complaint must specifically state how each defendant is involved.

24  Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

25  connection between a defendant's actions and the claimed deprivation.  <u>Rizzo v.  Goode</u>, 423,

26  U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir.  1980); <u>Johnson v.  Duffy</u>, 588

27  F.2d 740, 743 (9th Cir.  1978).

28      Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint

1  be complete in itself without reference to any prior pleading.  As a general rule, an Amended

2  Complaint supersedes the original complaint.  See Loux v.  Rhay, 375 F.2d 55, 57 (9th Cir.

3  1967).  Once an Amended Complaint is filed, the original Complaint no longer serves any

4  function in the case.  Therefore, in an Amended Complaint, as in an original Complaint, each

5  claim and the involvement of each defendant must be sufficiently alleged.  The Amended

6  Complaint should be clearly and boldly titled "AMENDED COMPLAINT," reference the

7  appropriate case number, and be an original signed under penalty of perjury.

8  **D.  ORDER**

9         The Court HEREBY ORDERS:

10  1.       The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights

11           complaint form;

12  2.       The Amended Complaint is DISMISSED with leave to amend.  Within THIRTY

13           (30) days from the date of service of this order, Plaintiff SHALL:

14           a.      File an Amended Complaint curing the deficiencies identified by the Court

15                   in this Order, or

16           b.      Notify the Court in writing that he does not wish to file an Amended

17                   Complaint and pursue the action but instead wishes to voluntary dismiss

18                   the case.

19         Plaintiff is forewarned that his failure to comply with this Order may result in a

20  Recommendation that the complaint be dismissed pursuant to Local Rule 11-110.

21

22  IT IS SO ORDERED.

23  **Dated:    June 6, 2005**                    _____**/s/ Sandra M. Snyder**_____
    icido3                                       UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28

                                          4