**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD, | CASE NO. 1:04-cv-05261-LJO-SMS PC |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATION TO DISMISS |
| TERHUNE, | (Doc. 32) |
| Defendant. | |

**I. Findings**

    **A. Procedural History**

Raymond Alford Bradford ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed his original complaint in this case on January 15, 2004, in the Sacramento Division of the U.S. District Court for the Eastern District of California. Doc. 1. On February 2, 2004, plaintiff filed his first amended complaint. Doc. 3. On February 10, 2004, the case was transferred to this Court. Doc. 4.

On June 7, 2005, the Court dismissed plaintiff's first amended complaint with leave to amend. The Court noted that plaintiff's first amended complaint was just the face sheet of a Section 1983 form and numerous attached exhibits. The Court dismissed the first amended complaint and had the Clerk of Court send plaintiff a form complaint. The Court also informed plaintiff of the requirements that each claim against each individual must be specifically alleged. On June 22, 2005, plaintiff filed his second amended complaint wherein his statement of claim

1

simply referred the Court to various attached documents. Doc. 29. On October 3, 2006, the Court dismissed plaintiff's second amended complaint with leave to amend. On October 10, 2006, plaintiff filed his third amended complaint (although the caption on the court provided form erroneously indicates it is plaintiff's second amended complaint). Doc. 32. [1]

### B.     Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and

---

[1] The Court notes that, since 1995, plaintiff has filed six other prisoner civil rights actions in this Court – plus six habeas corpus actions. The Court notes that in June of 2003, Judge Frank C. Damrell, Jr. in the Sacramento Division of this Court dismissed plaintiff's case number 2:02-cv-01859-FCD-GGH PC, pursuant to 28 U.S.C. § 1915(g) finding that plaintiff has had three prior actions dismissed as frivolous or for failing to state a claim. Thus, plaintiff's responses under "I. Previous Lawsuits" that he did not recall bringing any other lawsuit while a prisoner is disingenuous at best. Plaintiff is reminded that he has signed all of his complaints under penalty of perjury, and is cautioned that he must be certain that the contents of his complaints are true and correct.

unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

### C. Plaintiff's Federal Claim(s)

Plaintiff's third amended complaint is wholly contained on the form which this Court previously served on plaintiff, and contains six pages of exhibits.[2]  Plaintiff names only one defendant, Director of Corrections Terhune, and seeks injunctive relief of medical intervention with "transfer to a medical facility." Plaintiff claims that Terhune: (1) denied him adequate medical care by failing to diagnose his clotting disorder and prescribing medications for him thus causing plaintiff to suffer pain and discomfort; and (2) is responsible for plaintiff's illness and failed to provide plaintiff medical treatment since defendant knew of plaintiff's condition via plaintiff's 602 appeals which he denied.

#### 1. *Due Process – Prisoner Appeals*

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-

---

[2] In an effort to ascertain whether plaintiff might be able to state a claim, if given yet another opportunity to amend, the Court reviewed the exhibits plaintiff submitted with his third amended complaint. Plaintiff is a fairly experienced litigant. It is noted that, less than three months prior to filing his third amended complaint, Magistrate Judge Dennis L. Beck, issued a screening order in plaintiff's case numbered 1:04-cv-05496-AWI-DLB PC, dismissing plaintiff's complaint with leave to amend, and advising plaintiff of the standards for a claim based on serious medical needs. That case was dismissed for plaintiff's failure to file an amended complaint.

1  84 (1995).  Liberty interests created by state law are generally limited to freedom from restraint
2  which "imposes atypical and significant hardship on the inmate in relation to the ordinary
3  incidents of prison life."  Sandin, 515 U.S. at 484.
4      "[A prison] grievance procedure is a procedural right only, it does not confer any
5  substantive right upon the inmates."  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993)
6  (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza,
7  334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no
8  entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir.
9  2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams,
10  855 F.2d 639, 640 (9th Cir. 1988).  "Hence, it does not give rise to a protected liberty interest
11  requiring the procedural protections envisioned by the Fourteenth Amendment."  Azeez v.
12  DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).
13  Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under
14  a § 1983 action.  Buckley, 997 F.2d at 495.
15      Plaintiff alleges that Terhune is liable for denying his administrative appeals.  However,
16  per Buckley, this is not a basis for liability under a § 1983 action.  Yet, none of the exhibits show
17  Terhune was: a decision maker; served copies of; or otherwise remotely involved in plaintiff's
18  602 appeals.  Plaintiff's exhibits contradict the allegations of his third amended complaint and
19  show that the decision makers on his medical appeals were W. Vaughn, G. Bonnie Garibay, and
20  Linda L. Rianda.  Thus, plaintiff has failed to state a cognizable claim against Terhune for the
21  handling and resolution of his medical appeals.

22              **2.    *Conditions of Confinement – Serious Medical Needs***

23      To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison
24  conditions must involve "the wanton and unnecessary infliction of pain."  Rhodes v. Chapman,
25  452 U.S. 337, 347 (1981).  A prisoner's claim of inadequate medical care does not rise to the
26  level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of
27  the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with
28  deliberate indifference in doing so.'"  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004)

4

(quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs.  McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Defendant Terhune is the Director of Corrections, not a physician or medical provider per C.C.R. Title 15, Section 3354.  Even in the light most favorable to plaintiff, a Director of Corrections is not a medical provider.  Further, none of the exhibits show Terhune was: a decision maker; served copies of; or otherwise remotely involved in plaintiff's 602 appeals. Thus, plaintiff has failed to state a cognizable claim against defendant Terhune for deliberate indifference to plaintiff's serious medical needs.

### 3. *Supervisorial Liability*

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior.  Therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v.

1  Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d
2  1040, 1045 (9th Cir. 1989).  Although federal pleading standards are broad, some facts must be
3  alleged to support claims under section 1983.  See Leatherman v. Tarrant County Narcotics Unit,
4  507 U.S. 163, 168 (1993).

5       Plaintiff fails to state a cognizable claims against Terhune as plaintiff fails to show that
6  Terhune personally participated in; knew of the violations and failed to act to prevent them; or
7  promulgated or implemented a policy so deficient as to be the moving force behind the other
8  defendants' actions of the alleged mis-diagnosis of plaintiff's clotting disorder.  Plaintiff alleges
9  that his inadequate medical care was caused by denial of his 602 appeals.  Terhune was not
10  involved in, nor can liability rest on, the disposition(s) of plaintiff's appeals.  Buckley, 997 F.2d
11  at 495.  W. Vaughn, G. Bonnie Garibay, and Linda L. Rianda were the decision makers on
12  plaintiff's medical appeals.  Thus, plaintiff's claims against Terhune, for the denials of his 602
13  appeals, fail since they are premised on a theory of respondeat superior.

14  **II.    Findings and Recommendation**

15       The Court finds that plaintiff's third amended complaint fails to state any cognizable
16  claims against defendant Terhune.  The Court further finds that plaintiff has had ample
17  opportunity to state a cognizable claim against defendant Terhune, and would be unable to do so
18  even if provided additional opportunity to amend.

19       Accordingly, it is HEREBY RECOMMENDED that this entire action be dismissed with
20  prejudice.

21       These Findings and Recommendations will be submitted to the United States District
22  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).

23  ///////////////
24  /////////////
25  ////////////
26  ////////////
27  ///////////
28  //////////

Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   March 19, 2008**                        /s/ Sandra M. Snyder
                                                                                                UNITED STATES MAGISTRATE JUDGE